# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RODERICK L. COVINGTON,
SAMANTHA KELLY, AND KIFFANY
SPEARS

---

In Re:    Michael Mitchell, in his capacity as District Defender of the Office of Public Defender for the Parish of East Baton Rouge, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, Nos. 08-18-0486, 10-18-0529, 07-18-0409, 07-18-0422, & 07-18-0233.

---

**BEFORE:    McDONALD, THERIOT, AND CHUTZ, JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** Relator presented sufficient evidence to the district court that shows the appointed public defenders cannot effectively represent their indigent clients in a manner consistent with their constitutional and ethical obligations due to excessive caseloads. There is a conflict of interest when a public defender is compelled by his or her excessive caseload to choose between the rights of the various indigent defendants he or she is representing. See Louisiana Rules of Professional Conduct, Rule 1.7. It is well-settled that the Sixth Amendment right to counsel is the right to effective assistance of counsel. That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. See **Strickland v. Washington**, 466 U.S. 668, 685-86, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). Moreover, trial courts have both the authority and the responsibility to manage their dockets in a way that both moves their cases and respects the constitutional and statutory rights of the defendant, the prosecutor, and the public defender. See La. Code Crim. P. art. 17. A trial court can use its inherent authority over its docket to triage cases so that those alleging the most serious offenses, those in which defendants are unable to seek or obtain bail, and those that for other reasons need to be given priority in their resolution, are given priority in appointing the public defender and scheduling trials, even if it means that other categories of cases are continued or delayed, either formally or effectively, as a result of the failure to appoint counsel for those unable to afford private counsel. See e.g., **State ex rel. Missouri Pub. Def. Comm'n v. Waters**, 370 S.W.3d 592, 605 (Mo. 2012) (en banc).

Accordingly, the district court's ruling denying the motions to withdraw as counsel is reversed, in part, and the order appointing the public defender in docket number 10-18-0529 is rescinded because a plea was entered in this case. The order appointing the public defender in docket numbers 07-18-0409 and 07-18-0233 is vacated, and the request to allow the named public defenders to withdraw from future representation of certain indigent defendants in Section VI until the caseloads are no greater than 100% of his or her annual capacity is granted. The

district court is instructed to meet with the Chief District Defender and the prosecutors to determine categories of cases in which representation by public defenders in Section VI may be triaged so that each said public defender is able to provide reasonably effective and competent assistance of counsel under the Louisiana Rules of Professional Conduct and the United States and Louisiana Constitutions.

**JMM**
**WRC**

**Theriot, J.,** dissents in part and would deny the writ application. While I agree with the order to rescind the appointment of the public defender in docket number 10-18-0529 because a plea was entered in that case, I do not find that handling withdrawals on a case-by-case basis is an abuse of the trial court's discretion. See **State v. Leger,** 2005-0011 (La. 7/10/06), 936 So.2d 108, 142, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007).

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT